IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CR-28-D

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| GARLAND LOCKLEAR, JR., | ) |
| | ) |
| Defendant. | ) |

Garland Locklear, Jr. ("Locklear") seeks relief under 18 U.S.C. § 3582(c)(2) and relies on Amendments 750 and 759 to the Sentencing Guidelines [D.E. 37, 43]. Although the court assumes without deciding that Locklear is eligible for relief under section 3582(c) and Amendments 750 and 759, the court declines to exercise its discretion to reduce his sentence of 168 months' imprisonment.

The U.S. Sentencing Commission promulgated Amendment 750 to implement the Fair Sentencing Act ("FSA"). See United States Sentencing Commission, Guidelines Manual, App. C, Amend. 750 (Nov. 2011) (effective Nov. 1, 2011). The three-part amendment (A, B & C) repromulgated as permanent the temporary emergency amendment in Amendment 748. See id. On June 30, 2011, the Commission promulgated Amendment 759, which added Parts A and C of Amendment 750 as amendments listed in U.S.S.G. § 1B1.10 (Reduction in Term of Imprisonment as a Result of an Amended Guideline Range) (Policy Statement). See United States Sentencing Commission, Guidelines Manual, App. C, Amend. 759 (Nov. 2011) (effective Nov. 1, 2011). When applicable, Parts A and C of Amendment 750 apply retroactively. See id. Part A contained the changes to the crack cocaine quantity levels in the Drug Quantity Table in U.S.S.G. § 2D1.1. See Amend. 750. Part C deleted the cross reference in U.S.S.G. § 2D2.1 to the Drug Quantity Table to reflect the elimination of the statutory minimum for simple possession of crack cocaine. See id. The

Commission made Amendments 750 and 759 effective on November 1, 2011.

Under Amendments 750 and 759, the court assumes without deciding that Locklear's advisory guideline range would be reduced from 292 to 365 months to 188 to 235 months.[1] Even though Locklear is eligible for relief under section 3582(c) and Amendments 750 and 759, the court does not have to grant such relief. See, e.g., United States v. Perez, No. 13-6750, 2013 WL 3889216, at *1 (4th Cir. July 30, 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 196–97 (4th Cir. 2013). Having reviewed the entire record, Locklear received the sentence that was sufficient but not greater than necessary under 18 U.S.C. § 3553(a). See Perez, 2013 WL 3889216, at *1. Indeed, at Locklear's sentencing this court calculated Locklear's advisory guideline range to be 292 to 365 months, granted the government's motion under U.S.S.G. § 5K1.1, considered all of the section 3553(a) factors, and imposed a 168 month sentence. See [D.E. 53] 22–42. As part of its analysis, the court considered the serious and harmful conspiracy to which Locklear pleaded guilty, his history and characteristics (including his horrible criminal history and status as a career offender), his cooperation, the need to deter others, the need to incapacitate Locklear, and the need to promote respect for the law. See id. Moreover, during the sentencing hearing, the court and counsel discussed the disparity between crack cocaine and powder cocaine under the Guidelines, and the court took that factor into account in determining Locklear's sentence. See id. 19–20, 28–29, 35–36, 41–42. In fact, the court stated, "even if there is any change to the crack, powder ratio, the court has taken into account issues associated with that ratio." Id. 42. The court then stated, "I have given the sentence that fully accounts for any disparity [between crack and powder]." Id. Finally, the court stated that even if it miscalculated the advisory guideline range, it

---

[1] The parties dispute this issue. Compare [D.E. 49] 5, with [D.E. 44] 2–3. The court assumes without deciding that Locklear's calculation is correct.

2

would impose the same 168 month sentence as an alternative variant sentence. See id. 41; see also United States v. Hargrove, 701 F.3d 156, 161–64 (4th Cir. 2012); United States v. Savillon-Matute, 636 F.3d 119, 123–24 (4th Cir. 2011); United States v. Grubb, 585 F.3d 793, 804 (4th Cir. 2009); United States v. Evans, 526 F.3d 155, 165 (4th Cir. 2008).

Finally, the court rejects Locklear's argument that Dorsey v. United States, 132 S. Ct. 2321 (2012), lowered the mandatory minimum. See United States v. Mouzone, 687 F.3d 207, 222 (4th Cir. 2012); United States v. Bullard, 645 F.3d 237, 248–49 (4th Cir. 2011). In any event, even if Dorsey did, the court would not alter Locklear's sentence.

In sum, Locklear's motion for a sentence reduction under 18 U.S.C. § 3582(c) [D.E. 37, 43] is DENIED.

SO ORDERED. This  1  day of November 2013.

JAMES C. DEVER III
Chief United States District Judge