IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CR-28-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| GARLAND LOCKLEAR, JR., | ) | |
| | ) | |
| Defendant. | ) | |

On June 8, 2009, pursuant to a written plea agreement, Garland Locklear, Jr., ("Locklear") pleaded guilty to conspiracy to distribute and possess with the intent to distribute 50 grams or more of cocaine base (crack) and a quantity of cocaine. See [D.E. 22, 23, 52]. On February 10, 2010, the court held Locklear's sentencing hearing. See [D.E. 34, 35, 53]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Locklear's total offense level to be 35, his criminal history category to be VI, and his advisory guideline range to be 292 to 365 months' imprisonment. See Resentencing Report. After granting the government's motion under U.S.S.G. § 5K1.1 and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Locklear to 168 months' imprisonment. See id.; [D.E. 34, 35, 53]. Locklear did not appeal.

On November 23, 2015, Locklear moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 58]. Locklear's new advisory guideline range is 262 to 327 months' imprisonment, based on a total offense level of 34 and a criminal history category of VI. See Resentencing Report. Locklear requests a 151-month sentence. See id.; [D.E. 58].

The court has discretion to reduce Locklear's sentence under Amendment 782. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Locklear's sentence, the court finds that Locklear engaged in serious, violent criminal behavior. See PSR ¶¶ 9–14. Moreover, Locklear is a violent recidivist and has convictions for felony sale and delivery of marijuana and for second-degree murder. See id. ¶¶ 16–21. Locklear also has performed poorly on supervision and has a spotty work history. See id. ¶¶ 20, 23, 38–42. Locklear has taken some positive steps while incarcerated on his federal sentence, but he has been sanctioned for fighting and for being unsanitary or untidy. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Locklear received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Locklear's sentence would threaten public safety in light of his serious criminal conduct, serious criminal history, and misconduct while incarcerated. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Locklear's motion for reduction of sentence under Amendment 782. See, e.g., Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Locklear's motion for reduction of sentence [D.E. 58].

SO ORDERED. This **23** day of May 2018.

                                                JAMES C. DEVER III
                                                Chief United States District Judge